IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| FRANK THOMPSON, JOEL STROUT, JASON LORD, CHRISTOPHER SMITH, And JACK CUNNINGHAM, <br>　　　　　Plaintiffs, <br><br>v. <br><br>PATRICK KELIHER, in his official capacity as COMMISSIONER, MAINE DEPARTMENT MARINE RESOURCES, <br>　　　　　Defendant. | Docket No. 1:24-cv-00001-JAW |

MOTION OF THE ATLANTIC STATES MARINE FISHERIES COMMISSION
FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

The Atlantic States Marine Fisheries Commission ("ASMFC" or "Commission") respectfully seeks leave to participate as amicus curiae in this case, including permission to file a brief in opposition to Plaintiffs' pending motion for a preliminary injunction. Undersigned counsel have consulted with counsel for the parties. Plaintiffs take no position on this motion; Defendant does not oppose it. ASMFC does not seek any change to the governing scheduling order.

The ASMFC, an interstate compact commission, was created by the Atlantic States Marine Fisheries Commission Compact ("Compact"), an agreement between the 15 Atlantic Coastal States approved by Congress pursuant to Art. I, § 10, cl. 3, of the Constitution. Pub. L. 77-539 (1942), as amended Pub. L. 81-721 (1950). Under the Compact, each member State appoints three representatives to the Commission: its director of marine fisheries;[1] a State

---

[1] Defendant Patrick Keliher, Commissioner of Maine Department of Marine Resources, also serves as an ASMFC Commissioner and previously served as the ASMFC's Chair. The Complaint names Mr. Keliher

1

legislator; and a public member appointed by the Governor. To "promote the better utilization of the fisheries, marine, shell and anadromous," Compact, Art. I, the ASMFC promulgates fishery management plans, which member States then implement individually, usually by adopting regulations pursuant to State law. *See Medeiros v. Vincent,* 431 F.3d 25, 27-28 (1st Cir. 2005), *cert. denied*, 548 U.S. 904 (2006). The ASMFC today coordinates State management of 27 species of fish and shellfish, including American lobster.

In 1993, Congress enacted the Atlantic Coastal Fisheries Cooperative Management Act, Pub. L. 103-206, 16 U.S.C. §§ 5101-5108 ("Atlantic Coastal Act"), to "support and encourage the development, implementation, and enforcement of effective interstate conservation and management" of "[c]oastal fishery resources that migrate, or are widely distributed, across the jurisdictional boundaries of two or more of the Atlantic States and of the federal Government[.]" *Id.* § 5101(a)(3), (b). The Atlantic Coastal Act gives the Commission additional responsibilities under federal law and provides a federal remedy for instances in which member States fail to comply with ASMFC management plans. *See Medeiros*, 431 F.3d at 27-28.

The Commission's Fishery Management Plan for lobster seeks to promote "a healthy lobster resource and a management regime which provides for sustained harvest, maintains appropriate opportunities for participation, and provides for cooperative development of conservation measures by all stakeholders." Amendment 3 to the Interstate Fishery Management Plan for American Lobster ii (Dec. 1997). To ensure that the Plan reflects the best available scientific information concerning stock status and the current state of the fishery, the Commission periodically updates it through Amendments and Addenda, *see Medeiros,* 431 F.3d at 27-28 – including, in March 2022, Addendum XXIX, which is at issue in this case. As with

---

only in his Official Capacity of Commissioner of the Maine Department of Marine Resources ("MDMR"). Complaint ¶18 (ECF Doc. 1).

other ASMFC fishery management plans, the American Lobster Plan and its addenda are implemented via member States' regulations. *See Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. Of Env'l Mgt.*, 585 F.3d 42, 46-47 (1st Cir. 2009).

In this case, Plaintiffs challenge regulations that the Maine Department of Marine Resources (MDMR) adopted to implement Addendum XXIX, which requires that member States in the lobster fishery impose electronic tracking device requirements for lobster fishing vessels with federal commercial lobster fishing permits. The ASMFC and Addendum XXIX are referenced throughout Plaintiffs' Complaint for Declaratory and Injunctive Relief, see ¶¶ 4, 5, 6, 8, 9, 10, 11, 12, 25, 26, 31, 33, 35, 36, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 72, 74, 84, 85 (ECF Doc. 1), and figure prominently in their Motion for Preliminary Injunction, see pages 2, 4-6, 14 (ECF Doc. 7). Plaintiffs also challenge the adequacy of data security provided by the Atlantic Coastal Cooperative Statistics Program ("ACCSP"). *See, e.g.*, Complaint, ¶¶ 62-64. The ASMFC administers the ACCSP along with 23 federal and state agency partners. The ACCSP is charged with managing fisheries data.

## GROUNDS FOR AMICUS STATUS

"The district court retains the inherent authority to appoint *amicus curiae* to assist it in a proceeding" and may, in an exercise of its discretion, "determine the fact, extent, and the manner of participation by the *amicus*." *All. of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306–307 (D. Me. 2003); *see also, id.* at 307 ("[i]t is within the sound discretion of this Court to appoint *amici curiae* in order to assist the court in a proceeding, especially when a case concerns an issue of public interest" and granting *amicus curiae* "plus" status to automobile manufacturers' association); *see also Portland Pipe Line Corp. v. City of S. Portland*, No. 2:15-CV-00054-JAW, 2017 WL 79948, at *4 (D. Me. Jan. 9, 2017) (granting organizations leave to

3

participate as *amici curiae*); *Daggett v. Webster*, 190 F.R.D. 12, 13–14 (D. Me. 1999) (granting "*amicus* plus" status to organization that had advocated for passage of the challenged ballot initiative).

Plaintiffs allege that the Maine regulations that implement Addendum XXIX violate the Fourth Amendment and federal statutory provisions (as well as state administrative law). If sustained, these claims could have far-reaching and adverse implications for fishery management and for governments' ability to protect fishery resources (including protecting livelihoods that depend upon robust fisheries) – and, in particular, for ASMFC management plans everywhere on the Atlantic coast.

Given the importance of ASMFC's role with respect to the matters in controversy, we respectfully submit that *amicus curiae* participation is appropriate.[2] The Court would likely benefit from the ASMFC's expertise and perspective regarding, among other things, the fishery management measures reflected in Addendum XXIX and the reasons for their adoption. Furthermore, the ASMFC and the public interests it seeks to safeguard could be adversely affected by a ruling in favor of Plaintiffs (including on preliminary relief), since that would mean disabling information-gathering tools the Commission has determined, after lengthy deliberations, are essential to the successful management of this critically important fishery. The ASMFC seeks to provide its perspective on Plaintiffs' assertions that the public interest favors a preliminary injunction blocking implementation of these important programs in the State with by

---

[2] The ASFMC has previously appeared as party or as *amicus* in federal fishery management litigation, *see*, *e.g.*, *United States v. Saunders*, 828 F.3d 198 (4th Cir. 2016) (amicus curiae); *New York v. Atlantic States Marine Fisheries Com'n*, 609 F.3d 524 (2nd Cir. 2010) (defendant); *Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. Of Env'l Mgt.*, 585 F.3d 42 (1st Cir. 2009) (intervenor-defendant). ASMFC reserves the right to seek leave to intervene at a later point in the proceedings.

far the Nation's largest lobster fishery, and on grounds that, if accepted, would effectively render Addendum XXIX ineffective everywhere.

Specifically, through this motion, the ASMFC seeks leave to participate by submitting an *amicus* brief responding to the pending preliminary injunction motion; to have the opportunity to submit amicus briefs in connection with subsequent dispositive motions; and to participate in oral arguments of those motions and any others implicating the Commission's interests and expertise.

## CONCLUSION

For the foregoing reasons, the ASMFC respectfully requests that the Court grant leave for ASMFC to appear and participate as *amicus curiae* and to file briefs responding to the pending motion for a preliminary injunction and to any dispositive motions that may be filed by the parties, and to participate in oral argument on such motions.

Dated at Portland, Maine this 14th day of February, 2024.

/s/ Russell B. Pierce, Jr.
Russell B. Pierce, Jr.
Norman Hanson DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, Maine 04112-4600
(207) 774-7000
rpierce@nhdlaw.com

Sean H. Donahue*
  (*pro hac vice* motion pending)
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, D.C. 20003
(202) 277-7085
sean@donahuegoldberg.com

*Attorneys for the Atlantic States Marine Fisheries Commission*

5

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2024, I electronically filed the **MOTION OF THE ATLANTIC STATES MARINE FISHERIES COMMISSION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Russell B. Pierce, Jr.
Russell B. Pierce, Jr.
Attorney for the Atlantic States Marine Fisheries Commission

Norman, Hanson & DeTroy, LLC
Two Canal Plaza, P.O. Box 4600
Portland, ME  04112-4600
(207) 774-7000
rpierce@nhdlaw.com