IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| FRANK THOMPSON, JOEL STROUT, JASON LORD, CHRISTOPHER SMITH, And JACK CUNNINGHAM,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>PATRICK KELIHER, in his official capacity as COMMISSIONER, MAINE DEPARTMENT MARINE RESOURCES,<br>　　　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Docket No. 1:24-cv-00001-JAW |

### *AMICUS CURIAE* ATLANTIC STATES MARINE FISHERIES COMMISSION'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The Atlantic States Marine Fisheries Commission submits this brief amicus curiae in support of Defendant's motion to dismiss the complaint. We confine our discussion to Plaintiffs' Fourth Amendment argument, which, if accepted, would severely hamper governments' ability to manage fisheries in the public interest and to respond in an informed manner to the serious challenges and conflicts that often mark modern marine fishery management—and would cause that harm without sound support in Fourth Amendment precedent or principle.

We have already addressed these issues at some length in our amicus brief opposing Plaintiffs' pending motion for a preliminary injunction. (ECF No. 15) With regard to their argument that Maine's regulations to implement Addendum XXIX violate the Fourth Amendment, our brief explained that:

1. Commercial fishing in marine waters is, and has long been, a highly regulated activity. It is a privilege that comes with conditions and limitations to protect the public's interests in

1

maintaining sustainable fisheries, the marine environment, and other resources that could be affected by commercial fishing. Commercial permit holders reasonably understand that their activities on the water are subject to observation (including by law enforcement). They are typically required to carry conspicuous markings on their vessels and on their gear. They may also be required to allow a governmental agent or third-party observer onboard throughout a fishing trip to monitor catch and bycatch, document marine mammal interactions, and ensure compliance with regulations. Any legitimate interest in keeping the location of fishing activity in marine waters does not extend to keeping those locations secret from government officials engaged in fishery management and enforcement of limitations reflected in permit conditions and generally applicable conservation regulations.

2. The premise of most Fourth Amendment search cases is that government will learn things that are not known to others—access to "private" things. As noted, the location of a boat—one required to be marked prominently with various identifiers—is not that. In fact, constant video surveillance continually ongoing in myriad workplaces (mass transit locations, banks, building lobbies, etc.) is far more intrusive than a vessel tracking device gathering only locational data. The electronic vessel tracking requirement at issue in this case is a limited intrusion; the locational information transmitted matches the legitimate management needs but does not intrude unreasonably on any limited privacy interests that permittees may have concerning their licensed, conspicuously and mandatorily marked vessel's position.

3. The ASMFC did not establish this minimally intrusive requirement lightly or arbitrarily. To the contrary, the ASMFC had compelling reasons for wanting to correct a long-

recognized gap in information about lobster fishing activity. As the Commission repeatedly explained in the lengthy public process that led to the Addendum's adoption, lobster fishing has to coexist with other uses of marine areas – including, among other examples, fishing for other species; industrial activities including offshore wind power generation and aquaculture; conservation of endangered species such as North Atlantic right whales, and creating marine protected areas. As our earlier brief noted, the information that the tracking program collects will also allow for better-informed, and therefore more effective, management of the lobster fishery itself. ASMFC Prel. Inj. Amicus at 2, 15 (ECF No. 15). Lobster permit-holders will be better served in many potential conflicts over uses of marine areas if regulators have accurate and complete information about the lobster and Jonah crab fleets' fishing activity.

4. Plaintiffs barely acknowledge and never seriously try to refute the legitimacy or importance of the ASMFC's purposes in establishing the monitoring requirement – or the direct way in which the monitoring program will serve those purposes. They do not dispute the "critical need for high-resolution spatial and temporal data to characterize effort in the federal American lobster and Jonah crab fisheries." Addendum XXIX, at 1. They give no compelling reason to contest the ASMFC's conclusion that "[t]he nature of the coarse spatial data" available under prior methods, was "insufficient for management and scientific purposes." *Id*. They offer no reason to contest the expert judgment of the ASMFC that "[t]he application of electronic vessel tracking to [the lobster] fishery could significantly improve the information available to fishery managers and stock assessment scientists," and likewise "significantly improve the models used to assess the location of vertical lines in the fishery and their associated risks to right whales." Add XXIX, at 1-2.

They do not seriously challenge ASMFC's emphasis on "the critical need for data to characterize spatial and temporal effort of the lobster fishery and the potential of available technology to address this need at low costs" (*id*. 3).  See *id*. at 4 (noting "critical" need to obtain better data to improve models for assessing risks to right whales).

5. Plaintiffs appear to have largely abandoned their suggestion that the purposes for gathering this data are illegitimate or unrelated to ASMFC's core mandate—conserving the fishery for all. They seem to no longer wrongly accuse the Commission of improperly prioritizing whales or wind power, and they appear to agree that commercial lobstering is "closely regulated." ECF No. 17 at 1, 2. 4. Plaintiffs thus appear to be homing in on a much less ambitious claim that even if tracking is proper to monitor fishing in federal waters, the program the ASMFC adopted and Maine has implemented is broader than necessary. But Plaintiffs are seeking an injunction – complete invalidation of the program – on a facial challenge. ECF No. 17 at 1, 2, 4, 5. And far from showing that this data collection is unreasonable in *every* case, they have not shown there is an imminent risk it will be unreasonable in *any* case, even their own. The theoretical harms that they raise are speculative and only arise based upon speculations about someone other than the Defendant doing something improper.  For example, their concerns that – despite being kept in accord with procedures and by institutions that have handled such data successfully – data could be accidentally disclosed or misused, is entirely conjectural and disregards the robust and proven confidentiality regime that governs the data collecting already taking place in that program. Plaintiffs fail to adduce any real-world examples – whether from the pilot version of this program, from other jurisdictions where electronic

tracking is in effect, or even from more intrusive fishery monitoring programs – to support their speculative, theoretical fears.

6. In light of its important public purposes; its limited intrusiveness, and the clear guidelines on the type of information that may be collected and what can be done with that information, the lobster vessel tracking program set forth in Addendum XXIX and adopted by Maine is plainly reasonable. Plaintiffs' Fourth Amendment claims should be rejected.

## CONCLUSION

Defendant's motion to dismiss should be granted.

Respectfully submitted, this 8th day of April, 2024.

/s/ Sean H. Donahue
Sean H. Donahue
  (admitted *pro hac vice*)
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, D.C. 20003
(202) 277-7085
sean@donahuegoldberg.com


/s/ Russell B. Pierce, Jr.
Russell B. Pierce, Jr.
Norman Hanson DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, Maine 04112
(207) 553-4621
rpierce@nhdlaw.com

*Counsel for Amicus Curiae
Atlantic States Marine Fisheries
Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2024, I electronically filed the ***AMICUS CURIAE ATLANTIC STATES MARINE FISHERIES COMMISSION'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>/s/ Russell B. Pierce, Jr.</u>
Russell B. Pierce, Jr.
Attorney for the Atlantic States Marine Fisheries Commission

Norman, Hanson & DeTroy, LLC
Two Canal Plaza, P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000
rpierce@nhdlaw.com